Impala v. Department of Justice

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
   AMALYA L. KEARSE,
   DENNIS JACOBS,
   ROSEMARY S. POOLER,
      *Circuit Judges.*

_____

ZeeWee Dakar Impala,

         *Plaintiff-Appellant,*

   v.                                             15-3055

United States Department of Justice, Office of Professional Responsibility,

         *Defendant-Appellee.*

_____


**FOR PLAINTIFF-APPELLANT:**   Thomas J. Lengyel, Milford, CT.

**FOR DEFENDANT-APPELLEE:**   Sandra Slack Glover, Assistant U.S. Attorney, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant ZeeWee Dakar Impala appeals from the district court's judgment on the pleadings, which dismissed his action on recommendation by the assigned magistrate judge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . at least when the parties receive clear notice of the consequences of their failure to object." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1).

The magistrate judge's report warned Impala, who was pro se, that failure to object may bar further review; but that warning erroneously failed to explain that Impala's failure to object *would* preclude appellate review, nor did it specify the deadline by which to object. However, the district judge successively gave Impala two clear deadlines, with express statements that absent his objection by the deadline specified the case would be dismissed. Impala failed to object by either deadline.

We decline to excuse Impala's failure to object "in the interests of justice." *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). The inquiry is "whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent,* 219 F.3d 162, 174 (2d Cir. 2000). For the reasons identified in the magistrate judge's report and recommendation, Impala's claims lack a basis in fact or law. Thus, the district court did not err in declining to afford Impala an additional opportunity to object.

We have considered Impala's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk